UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 20 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. : C.A. No. 04-CV-364-ML
:
ACCOUNT NUMBER 0036-7317-4629 IN THE NAME OF WHITE BROADMAN; ACCOUNT NUMBER 0036-6099-5426 UP TO THE AMOUNT OF $216,896.76) IN THE NAME OF MIENIK GROUP, INC.; AND ACCOUNT NUMBER 0034-3439-0817 (UP TO THE AMOUNT OF $134,827.31) IN THE NAME OF JAMES AND BARBARA MIENIK, ALL LOCATED AT THE BANK OF AMERICA IN FORT LAUDERDALE, FLORIDA,
Defendants. :

Granted. Mary M. Lisi USDJ 6/22/06

**JOINT MOTION TO EXTEND STAY OF PROCEEDINGS**

The parties hereto hereby jointly move this Honorable Court that the stay of these proceedings entered by the Court on March 7, 2006 be further extended to December 31, 2006 for the following reasons:

1. The civil forfeiture proceeding that is the subject of the within complaint is also the subject of a presently ongoing criminal investigation, and the forfeiture allegations made herein are expected to be included in any criminal indictment returned in this matter.

2. Although the criminal investigation has progressed since the last stay extension was entered on March 7, 2006, the prosecutor has advised counsel that an additional four to six months will be needed for the completion of the investigation.

3. By agreement of the parties, the government is submitting, *ex parte* and under seal, the affidavit of Assistant U.S. Attorney

Terrence P. Donnelly. The affidavit is marked as Exhibit 1 to this Motion. Mr. Donnelly is handling the criminal investigation for the government, and the affidavit outlines in general the status of the investigation and other reasons why additional time is needed to investigate the criminal allegations. The affidavit is being submitted *ex parte* and under seal in order to avoid violating Fed. R. Crim. P. 6(e), as well as to protect confidential information protected by law enforcement privileges. Although the claimants do not object to the filing of Exhibit 1 *ex parte* and under seal, the claimants reserve the right to later move to unseal the affidavit, should they deem it necessary in future civil and criminal litigation.

4. The parties are aware that this case is aging and that the Court is rightly concerned that, if the civil forfeiture action is to go forward, it should do so in the in the very near future.

5. However, both parties agree that it is a more efficient use of the time and resources of the Court, as well as the parties, to litigate the forfeiture issues only once and that, for a variety of reasons, the more appropriate context in which to do so is the criminal proceeding. For example, if this civil forfeiture matter were to proceed prior to the resolution of the criminal investigation, it is likely that the discovery phase would get bogged down in litigation relating to the privileges of both parties, as well as issues relating to Fed. R. Crim. P. 6(e).

WHEREFORE, in light of the foregoing and such other

reasons as may be presented to the Court, the parties hereby jointly move that the within matter be stayed until December 31, 2006 by which time it is expected that the related criminal investigation will have been completed.

Respectfully submitted,

Claimants,

By Their Attorneys,

Anthony M. Traini #4793
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

Kevin J. Napper
Florida Bar No. 656062
CARLTON FIELDS, P.A.
P.O. BOX 3239
Tampa, FL 33601
Tel. (813) 223-7000
Fax (813) 229-4133

Plaintiff, United States of America

By

Michael P. Iannotti
Assistant U. S. Attorney
U. S. Attorney's Office
The Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903